# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1642

_____

United States of America,

             Appellee,

    v.

Travis John O'Connor,

             Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*
\*

_____

Submitted: February 10, 2009
Filed: May 28, 2009

_____

Before BYE, JOHN R. GIBSON and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After sending twenty-one pornographic images of children to an undercover police officer he met in an Internet chat room, Travis John O'Connor pled guilty to transportation and attempted transportation of child pornography, a violation of 18 U.S.C. § 2252A(a)(1), (b)(1), and distribution and attempted distribution of child pornography, a violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). At sentencing, the district court[1] adopted the Presentence Investigation Report's recommended advisory

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

sentencing guidelines range of 188 to 235 months based on a total offense level of 35 and a criminal history category of II. The district court also granted O'Connor's motion for a downward variance and sentenced him to 120 months' imprisonment. In doing so, the court stated:

> So for all of those reasons I'm going to vary from the bottom of the guidelines range of 188 months down to—it's still a very lengthy sentence by any measure—down to 120 months on Counts 1 and 2 to run concurrently. I find that this sentence is sufficient but not greater than necessary to comply with all sentencing purposes.
>
> And I've tried to err on the high side. I actually think a lesser sentence would probably be sufficient but not greater than necessary. But I recognize that—and the government argued in their brief that Congress didn't want departures for this type of crime. Now, I think that whole analysis goes out the window after United States versus Gall and section 3553(a) because we're just to apply those factors which I've tried to faithfully apply. But because of Congress's concern, I did kind of err on the higher side of what I thought would be a reasonable sentence in this case.

O'Connor appeals his sentence, arguing that the district court abused its discretion and imposed a substantively unreasonable sentence by considering and giving significant weight to an improper sentencing factor—Congress and the Sentencing Commission's desire to avoid sentences below the guidelines range for sexual offenses involving minors. *See* 18 U.S.C. § 3553(b)(2); U.S.S.G. § 5K2.0(b).[2] According to O'Connor, the Supreme Court's decision in *Kimbrough v. United States*,

---

[2]Sections 3553(b)(2) and 5K2.0(b) direct district courts to sentence defendants convicted of sexual offenses involving minors within the guidelines range absent a mitigating circumstance that "has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements . . . [and that] has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines." *See* 18 U.S.C. § 3553(b)(2)(A)(ii); U.S.S.G. § 5K2.0(b).

552 U.S. ---, 128 S. Ct. 558 (2007), prohibits district courts from considering sentencing statutes or guidelines, such as § 3553(b)(2) or § 5K2.0(b), that were created through "Congressional policy and directives" rather than "the Sentencing Commission's usual empirical approach." Appellant's Br. at 13.

We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness. *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007); *see also United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). We review the substantive reasonableness of a sentence under the "deferential abuse-of-discretion standard." *Gall*, 128 S. Ct. at 591; *see also United States v. Dehghani*, 550 F.3d 716, 723 (8th Cir. 2008). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *United States v. Saddler*, 538 F.3d 879, 890 (8th Cir.) (alterations omitted) (quoting *United States v. Mousseau*, 517 F.3d 1044, 1048-49 (8th Cir. 2008)), *cert. denied*, 555 U.S. ---, 129 S. Ct. 770 (2008).

Because O'Connor does not argue in his briefs that the district court committed any procedural error,[3] we bypass the first part of our review and move directly to review the substantive reasonableness of his sentence. *See United States v. Toothman*, 543 F.3d 967, 970 (8th Cir. 2008). Additionally, we review O'Connor's argument that the district court considered and gave significant weight to an improper

---

[3]We recognize the existence of a second line of authority that categorizes a district court's consideration of an allegedly improper or irrelevant factor as a procedural error rather than a challenge to substantive reasonableness. *See United States v. Phelps*, 536 F.3d 862, 867 (8th Cir. 2008), *cert. denied*, 555 U.S. ---, 129 S. Ct. 1390 (2009). We need not resolve this question here, however, because we would reach the same result under either framework.

sentencing factor for plain error because O'Connor failed to raise this argument at sentencing. *See United States v. M.R.M.*, 513 F.3d 866, 870 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 171 (2008). Plain error is an error that is plain and that affects a defendant's substantial rights. *Saddler*, 538 F.3d at 891. We will correct a plain error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Roundtree*, 534 F.3d 876, 878 (8th Cir. 2008).

Here, we find no error, plain or otherwise, in the district court's decision to consider and give significant weight to Congress and the Sentencing Commission's expressed desire to avoid sentences below the guidelines range for offenders who commit sexual offenses involving minors. As a threshold matter, we recognize that this is not a situation where the district court treated the guidelines as mandatory as a result of § 3553(b)(2). *Cf. United States v. Selioutsky*, 409 F.3d 114, 116-17 (2d Cir. 2005) (excising § 3553(b)(2) under the rationale set forth in *United States v. Booker*, 543 U.S. 220 (2005)); *United States v. Yazzie*, 407 F.3d 1139, 1144 (10th Cir. 2005) (same). Here, the district court granted a downward variance to 120 months' imprisonment after recognizing its post-*Gall* obligation to consider all of the § 3553(a) sentencing factors—including 18 U.S.C. § 3553(a)(5), which requires the district court to consider relevant policy statements, such as § 5K2.0(b), in imposing a sentence.

O'Connor's *Kimbrough* argument boils down to an argument that we previously rejected in *United States v. Battiest*, 553 F.3d 1132 (8th Cir. 2009). In *Kimbrough*, the Supreme Court held that a district court did not abuse its discretion by refusing to apply the 100-to-1 crack cocaine to powder cocaine ratio in U.S.S.G. § 2D1.1 where the court found that applying the ratio would yield "a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." *Kimbrough*, 128 S. Ct. at 500.[4] Relying on *Kimbrough*, Battiest argued that the district court abused its discretion at

---

[4]For the purposes of this case, we will assume without deciding that *Kimbrough*'s holding extends beyond the 100-to-1 crack / powder cocaine disparity.

sentencing by not considering that "the Guidelines' recommended child-pornography sentences are based on unsound policy [and] lack empirical support." *Battiest*, 553 F.3d at 1136. We rejected Battiest's argument, noting that "*Kimbrough* did not mandate that district courts consider the crack/powder sentencing disparity and do not 'act unreasonably, abuse their discretion or otherwise commit error' if they do not." *Id.* at 1137 (alterations omitted) (quoting *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008)). Stated differently, even "assuming that a sentencing court *may* disregard [a guideline] on pure policy grounds, *Kimbrough* and *Spears* do not hold that a district court *must* disagree with any sentencing guideline, whether it reflects a policy judgment of Congress or the Commission's 'characteristic' empirical approach." *United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009) (citing *Battiest*, 553 F.3d at 1136-37). Here, by arguing that *Kimbrough* prohibits a district court from considering as a sentencing factor Congress and the Sentencing Commission's desire to avoid sentences below the guidelines range for sexual offenses involving minors, O'Connor necessarily implies that a district court *must* disagree with § 5K2.0(b) and § 3553(b)(2) on policy grounds. Because O'Connor raises essentially the same argument we rejected in *Battiest*, we similarly reject his *Kimbrough* argument.

Because O'Connor sets forth no other reasons why his sentence is unreasonable, we find that the district court did not abuse its discretion. Accordingly, we affirm O'Connor's sentence.

_____