# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1696

———————

United States of America,                     *
                                              *
        Plaintiff - Appellee,                *
                                              *    Appeal from the United States
      v.                                    *    District Court for the
                                              *    District of Minnesota.
Gustavo Villa-Maldonado, also                 *
known as Gustavo Angel Garza,                 *    [UNPUBLISHED]
                                              *
        Defendant - Appellant.               *

———————

Submitted: December 12, 2011
Filed: December 30, 2011

———————

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Gustavo Villa-Maldonado, a Mexican citizen, pled guilty to reentering the United States illegally after deportation in violation of 8 U.S.C. § 1326(a),(b)(2). The district court[1] sentenced him to 37 months, the bottom of his guideline range. Villa-Maldonado appeals, arguing that his sentence is substantively unreasonable. We affirm.

———————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Villa-Maldonado pled guilty to the current offense after he was apprehended in Minnesota in June 2010. In a written plea agreement he stipulated that he had been removed from the United States after a felony conviction for sale of a controlled substance and had then reentered without permission.

At sentencing Villa-Maldonado requested a below guideline sentence. He presented a video featuring family and friends, a letter from his wife, photographs of himself with his family, a sentencing memorandum, and oral arguments. Villa-Maldonado argued that mitigating factors in his case warranted a downward variance. He explained how following his deportation after serving a prior illegal reentry sentence, he moved his family to Mexico despite safety concerns stemming from drug cartel violence in his region of Mexico. When his wife became pregnant and complications developed, he sent his family back to Minnesota but he opted not to break the law and stayed in Mexico. He asserted that he only committed the instant offense after learning that his wife was unable to support the family. He contended that since his son is now old enough to work, his motivation for returning illegally again has been removed.

The district court acknowledged that it was a "very difficult case" but rejected the appellant's arguments for a variance and imposed a term of 37 months, the bottom of his guideline range of 37 – 46 months. The court stated that it had "carefully reviewed" the presentence investigation report and the materials submitted by Villa-Maldonado, considered all of the 18 U.S.C. § 3553(a) factors, and determined that the sentence was sufficient but not greater than necessary to comply with the statute's purposes.

Villa-Maldonado appeals, arguing that his sentence is substantively unreasonable and that he should have been granted a downward variance. He contends that the district court's assessment of what was adequate deterrence was an abuse of discretion, since he had been "significantly deterred" by his prior illegal

reentry sentence and only came back "when he was faced with the most difficult of personal circumstances."

Since Villa-Maldonado does not argue that the district court committed a procedural error, we "move directly to review the substantive reasonableness of his sentence." United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). This review is under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A district court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). Where the district court's sentence is within the guideline range, it is accorded a "presumption of substantive reasonableness" on appeal. United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008).

The record shows that the district court considered all of the § 3553(a) factors, including the appellant's personal history and characteristics, in imposing a sentence at the bottom of the guideline range. It noted that it was a "very difficult case," expressed "great sympathy" for Villa-Maldonado and his family, and stated that the appellant's motives for reentering the United States were "honorable." The court also stated that Villa-Maldonado had been "a good husband and father" and had "worked hard at honest jobs" since his most recent illegal reentry. The court recognized, however, that "there are millions of people who would like to live in the United States" and most of them, "unlike Mr. Villa, have never sold illegal drugs in this country or otherwise broken the laws of this country." Noting the appellant's prior 30 month sentence for illegal reentry, the court concluded that only a higher sentence would be sufficient to serve the purposes of specific and general deterrence, to promote respect for the immigration laws, and to avoid unwarranted sentencing disparities.

We conclude that the district court did not abuse its discretion in sentencing Villa-Maldonado to 37 months, the bottom of his guideline range. The district court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). The court carefully considered the appellant's arguments for a variance but concluded that a 37 month sentence was sufficient but not greater than necessary to serve the purposes of § 3553(a). The appellant's sentence is not substantively unreasonable.

Accordingly, the judgment of the district court is affirmed.

_____