# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3158

_____

United States of America,                    *
                                              *
          Plaintiff - Appellee,               *
                                              *
v.                                            *
                                              *
Pedro Camacho-Corona, also known as           *
Tomas Moreno-Martinez, also known             *
as Mario Ramos-Garcia                         *
                                              *
          Defendant - Appellant.              *


_____

No. 11-3185

_____

Appeals from the United States
District Court for the
District of Nebraska.

United States of America,                    *
                                              *
          Plaintiff - Appellee,               *
                                              *
v.                                            *
                                              *
Mario Garcia-Ramos, also known as             *
Pedro Camacho-Corona,                         *     [UNPUBLISHED]
                                              *
          Defendant - Appellant.              *

_____

Submitted: May 14, 2012
Filed: June 1, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pedro Camacho-Corona pled guilty to possessing with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1). The district court[1] sentenced him to 262 months of imprisonment, the bottom of his guideline range. Camacho-Corona appeals, arguing that his sentence is substantively unreasonable. We affirm.

During a traffic stop in November 2010 Camacho-Corona consented to a search of his vehicle. Inside his car police found nine packages of methamphetamine weighing a total of 1.39 kilograms and a revolver. Camacho-Corona was charged in a superseding indictment with possession with intent to distribute 50 grams or more of actual methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1), illegal reentry after removal following an aggravated felony conviction, 8 U.S.C. § 1326(a), and possession of a firearm as an illegal alien, 18 U.S.C. § 922(g)(5)(A). He pled guilty to the drug charge, and the other two counts were dismissed on the government's motion.

A Presentence Investigation Report (PSR) calculated Camacho-Corona's guideline range to be 262 to 327 months based on the amount of drugs involved, his

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

possession of a dangerous weapon, and his substantial criminal history. At sentencing Camacho-Corona requested the statutory mandatory minimum of 120 months. See 21 U.S.C. § 841(b)(1). He argued that his poor health and older age indicated that a lower sentence was appropriate since even a sentence at the low end of the guideline range would be tantamount to a life sentence. He also argued that the "notion of incremental punishment" required a lower sentence for this offense because his previous sentences had been much lower.

The district court adopted the PSR calculations and imposed a sentence of 262 months, the bottom of his guideline range. It stated that the "overriding consideration" was the need to get him off the streets so he would stop committing crimes. It found no "good reason" to impose a sentence outside the advisory guideline range, concluding that the low end of the range was "sufficient but not greater than necessary to serve all of the objectives of the sentencing statute."

Camacho-Corona appeals, arguing that his sentence is greater than necessary to serve the purposes of sentencing under 18 U.S.C. § 3553(a). Since Camacho-Corona does not allege procedural error, we "move directly to review the substantive reasonableness of his sentence." United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). This review is under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentencing court abuses its discretion "when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). On appeal a "presumption of substantive reasonableness" is given to a sentence within the guideline range. United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008).

We conclude that the district court did not abuse its discretion in sentencing Camacho-Corona at the bottom of his guideline range. The district court considered

the § 3553(a) factors and specifically addressed Camacho-Corona's mitigation arguments. It stated that it was "sympathetic" to his medical problems but that he would receive good medical care in the federal prison system. The district court also explained that it did not consider his age either a mitigating or aggravating factor, but that "the overriding consideration is that he needs to be taken off the streets because once he is released, he continues to engage in crime here in the United States where he's not supposed to be." It expressed concern that Camacho-Corona's criminal history suggested that "when he is released from custody and deported, he comes back into the United States, he continues to engage in criminal activity and the fact that he is in possession of a firearm indicates that he is prepared to engage in activity that can pose a serious threat to the safety of others."

Camacho-Corona argues that insufficient weight was given to his health and age which he asserts "will curtail [his] recidivism," but the district court did not abuse its discretion in giving more weight to the need for incapacitation since previous lower sentences had not deterred him from committing additional crimes. The district court properly used its "wide latitude to weigh the § 3553(a) factors . . . and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

The district court also imposed a 30 month sentence to run concurrently for violating a condition of his supervised release. Camacho-Corona admitted during sentencing that he had committed the instant offense while he was on supervised release for a conviction for conspiracy to possess with intent to distribute cocaine. Although Camacho-Corona filed a notice of appeal in both cases, he does not challenge the reasonableness of the concurrent 30 month revocation sentence. We thus affirm that sentence without further discussion.

Accordingly, the judgment of the district court is affirmed.

_____

-4-