# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2463

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Allen Braun

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 12, 2012
Filed: August 20, 2012
[Unpublished]

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Steven Allen Braun pled guilty to one count of possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).  At sentencing, the

district court[1] noted that, absent the statutory maximum sentence of 120 months' imprisonment, the advisory sentencing guidelines range would have been 135 to 168 months based on a total offense level of 33 and a criminal history category of I. Under U.S.S.G. § 5G1.1(a), however, the statutory maximum sentence of 120 months' imprisonment became the guidelines sentence. The district court sentenced Braun to 84 months' imprisonment. Braun appeals his sentence, and we affirm.

We review a district court's sentence both for significant procedural error and for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Braun does not argue that the district court committed any procedural error, we address only the substantive reasonableness of his sentence. *See United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Mees*, 640 F.3d 849, 856 (8th Cir. 2011). An abuse of discretion occurs "where the sentencing court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009) (quoting *United States v. Kowal*, 527 F.3d 741, 749 (8th Cir. 2008)).

"[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). Where the bottom of the sentencing guidelines range is above the statutory maximum, "the statutory maximum sentence is presumed reasonable." *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006). Moreover, "where a district court has

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009) (per curiam) (quoting *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009)).

Braun argues that the district court gave significant weight to an improper factor by considering an allegedly false statistic regarding recidivism rates for sex offenders.[2] Because Braun did not object to the district court's citation to the statistic at sentencing, we review this issue only for plain error. *See O'Connor*, 567 F.3d at 397. For us to find plain error, Braun would have "to show that (1) there was an error that was not affirmatively waived, (2) the error was 'plain,' meaning clear and obvious, (3) the error affects his substantial rights, and (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *See United States v. Ali*, 616 F.3d 745, 752 (8th Cir. 2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Thus, Braun must show that "there is a reasonable probability [he] would have received a lighter sentence but for the error." *See United States v. Mireles*, 617 F.3d 1009, 1013 (8th Cir. 2010) (quoting *United States v. Bain*, 586 F.3d 634, 640 (8th Cir. 2009) (per curiam)).

Braun challenges the district court's statement that "[o]ne thing about people that are sex offenders . . . [is that] the repeat offender and recidivism rate is so far beyond all other crimes, that it takes most people's breath away." Braun contends that the district court relied on this assertion in fashioning his sentence and seeks to rebut the district court's assertion by citing two sources not in the record before the district court and by comparing the recidivism rate of sex offenders within the first three years after release with the total recidivism rate of all inmates. Even if Braun

---

[2] We recognize a second line of authority that regards the consideration of an improper factor as a procedural error. *See O'Connor*, 567 F.3d at 397 n.3. We need not resolve this question, however, because we would reach the same result under either framework.

had successfully demonstrated that the district court's assertion regarding recidivism rates was inaccurate, however, he has not established any impact of the alleged error on his sentence. The district court made this assertion not while explaining its consideration of the 18 U.S.C. § 3553(a) factors but while commenting more generally on several differences between the criminal justice system in Minnesota and the federal criminal justice system. The district court indicated several times that it raised these points to aid the defendant and his family in understanding why the sentence it would impose would be more severe than his prior state sentence for criminal sexual conduct and explained that these issues did not "directly affect the sentence." Braun points to no evidence that the district court relied on the disputed assertion in fashioning his sentence, let alone to any evidence establishing that his sentence would have been different absent the assertion. "[W]here the effect of the error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." *United States v. Chauncey*, 420 F.3d 864, 878 (8th Cir. 2005) (alteration in original) (quoting *United States v. Pirani*, 406 F.3d 543, 553 (8th Cir. 2005) (en banc)). Braun's "failure to demonstrate prejudice is fatal to [his] claim." *See Mireles*, 617 F.3d at 1013.

Braun also contends that the district court gave insufficient weight to his vulnerability to sexual assault while in prison and the importance of continuing his current sexual offender treatment program. However, the district court specifically addressed and rejected Braun's argument that he would be especially vulnerable to sexual assault in prison or that such vulnerability militated in favor of a more lenient sentence. Furthermore, the sentencing transcript clearly indicates that the district court was aware of the significance of Braun's current sexual offender treatment program. The district court's decision to place greater emphasis on factors that favored the sentence given—one that is below the advisory guidelines range—rather than on other § 3553(a) factors that might favor a more lenient sentence

-4-

is a permissible exercise of the considerable discretion available to a sentencing court. *See United States v. Ruelas-Mendez*, 556 F.3d 655, 658 (8th Cir. 2009). Braun has not shown that the district court failed to consider a relevant factor or clearly erred in weighing the § 3553(a) factors.

For the foregoing reasons, the judgment of the district court is affirmed.

_____