# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3541

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Allen Walters

*Defendant - Appellant*

_____

No. 15-3542

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Allen Walters

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: June 13, 2016
Filed:August 2, 2016
[Unpublished]
_____

Before SMITH, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

The district court[1] sentenced Robert Allen Walters to 24 months' imprisonment for violating a condition of his release. Walters argues that the 24-month sentence is substantively unreasonable and seeks to be resentenced. We affirm.

In 2002, Walters was convicted of the unlawful transport of firearms, the interstate transport of firearms by a felon, and fraud with identification documents. He was sentenced to 46 months' imprisonment, followed by 3 years' supervised release. While in prison, Walters pleaded guilty to mailing threatening communications to a federal agent. He was sentenced to an additional 71 months' imprisonment, followed by 3 years' supervised release.

Walters was released from custody and began his term of supervised release on November 14, 2014. On April 10, 2015, Walters violated a condition of his release by failing to report to a probation office in South Dakota as directed. The government petitioned to revoke his supervised release. Walters was eventually arrested in Pennsylvania. He admitted to violating the terms of his release. Walters faced a Guidelines range of 7 to 13 months' imprisonment on his 2002 convictions and 8 to 14 months' imprisonment on his conviction while in prison. The statutory maximum term of imprisonment for his supervised-release violation was 24 months'

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

-2-

imprisonment. At the revocation hearing, Walters's counsel argued that the 70 days that Walters was confined between his arrest and the revocation hearing sufficiently punished his violation. The district court recounted Walters's criminal history and stated that it was taking into account the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). The district court determined that imprisonment, not additional supervised release, was appropriate. Consequently, the district court imposed the maximum statutory revocation sentence of 24 months' imprisonment.

Walters argues that his sentence is substantively unreasonable because it is greater than necessary under the circumstances. Walters stresses that his employment and lack of lawbreaking during his absence from supervision warrant a lesser sentence. He also contends that his record on supervised release supports a lesser term of imprisonment or some form of community confinement.

We review a district court's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, a defendant does not argue that the district court committed a procedural error, we "move directly to review the substantive reasonableness of [the] sentence." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (quotation and citation omitted). A sentencing court abuses its discretion where

> 1) [it] fails to consider a relevant factor that should have received significant weight; 2) [it] gives significant weight to an improper or irrelevant factor; or 3) [it] considers only the appropriate factors but in weighing them commits a clear error of judgment.

*United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011) (citation omitted).

Although the district court's reasoning is brief, it reflects consideration of the relevant statutory factors. *See Rita v. United States*, 551 U.S. 338, 356 (2007) (explaining that a sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority" (citation omitted)). The district court was particularly concerned with Walters's criminal history and reviewed it carefully with Walters. Moreover, the district court made the type of defendant-specific determinations that are reserved to the district court. In its discretion, the district court weighed Walters's employment and record on supervised release differently than Walters's would have liked. Walters has not shown the court abused its discretion. Accordingly, we affirm the judgment of the district court.

_____