# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3017

_____

United States of America

*Plaintiff - Appellee*

v.

Jairo Geovanny Escareno Chavez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central Division

_____

Submitted: September 25, 2018
Filed: January 11, 2019
[Unpublished]

_____

Before COLLOTON, BEAM, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jairo Geovanny Escareno Chavez ("Escareno") pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, as well as conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 1956(h). He now appeals his sentence of 71 months of

imprisonment, arguing the district court[1] mishandled his withdrawal of an objection to a sentencing enhancement and erroneously refused his requests for a downward departure and variance. Upon review, we affirm.

Escareno first argues the district court erroneously applied a sentencing enhancement for engaging in the marijuana conspiracy while on probation for another offense even though Escareno withdrew his objection to the enhancement. *See* U.S. Sentencing Guidelines ("U.S.S.G.") § 4A1.1(d) (U.S. Sentencing Comm'n 2016) (directing the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation"). Prior to sentencing, Escareno objected to a recommendation in his presentence investigation report ("PSR") that the enhancement apply for offense conduct during probationary periods that expired by at least the end of 2012. At the sentencing hearing, a probation officer explained that the PSR's criminal history computation failed to include an additional probationary period that expired in July 2015. As a result, Escareno withdrew his objection, stating that it had not been directed at the July 2015 probationary period and that "as a practical matter that's not going to change . . . the criminal history category of III." Escareno now argues the district court still applied the enhancement in error, apparently because Escareno never intended to admit engaging in offense conduct as early as July 2015.

Because Escareno raises this issue for the first time on appeal, our review is for plain error.[2] *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). "Plain error is an error that is plain and that affects a defendant's substantial rights." *Id.*

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

[2]We need not decide whether Escareno intentionally relinquished or abandoned his right to raise this issue on appeal, *see United States v. Murphy*, 248 F.3d 777, 779 (8th Cir. 2001) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)), because we do not find plain error here.

"We will correct a plain error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Roundtree*, 534 F.3d 876, 878 (8th Cir. 2008)).

Here, as Escareno's counsel recognized, the additional two points did not affect Escareno's substantial rights because they merely raised his criminal history score from four to six points — both of which trigger criminal history Category III and result in the same guidelines range. *See* U.S.S.G. § 5A. Therefore, even assuming (without deciding) there was error, Escareno cannot show "a reasonable probability that he would have received a lighter sentence but for the error." *United States v. Franklin*, 695 F.3d 753, 757 (8th Cir. 2012) (quoting *United States v. Molnar*, 590 F.3d 912, 915 (8th Cir. 2010)).

Escareno also argues the district court erred in denying his request for a downward departure. At sentencing, the district court denied Escareno's request for a downward departure based on overstated criminal history. *See* U.S.S.G. § 4A1.3(b)(1). "A district court's refusal to grant a downward departure under the sentencing guidelines is unreviewable unless the court had an unconstitutional motive in denying the request or failed to recognize that it had the authority to depart downward." *United States v. Dixon*, 650 F.3d 1080, 1084 (8th Cir. 2011).

Here, Escareno does not argue unconstitutional motive, and the district court expressly acknowledged its authority to depart downward. Thus we conclude the district court's denial is unreviewable.

Finally, Escareno argues the sentence became substantively unreasonable when the district court gave inappropriate weight to the fact Escareno maintained a marijuana grow operation at his residence in Colorado (which he erroneously believed

to be legal),[3] and when it refused to vary downward given his "light" criminal history. "We review the substantive reasonableness of the sentence[] under a deferential abuse of discretion standard," recognizing that district courts "have wide discretion to weigh the [18 U.S.C.] § 3553(a) factors." *United States v. Wilder*, 597 F.3d 936, 946 (8th Cir. 2010).

Here, Escareno's sentence was within the correctly-calculated guidelines range (70 to 87 months), and we thus accord it a presumption of reasonableness. *See United States v. Heath*, 624 F.3d 884, 888 (8th Cir. 2010). Additionally, in weighing the factors prescribed by § 3553(a), the district court expressly acknowledged Escareno's argument that growing marijuana in Colorado did not necessarily indicate a heightened role in the conspiracy. It also recognized that none of Escareno's six prior offenses resulted in imprisonment. But it weighed these considerations in light of several competing factors, including the seriousness of Escareno's underlying offense, unobjected-to PSR paragraphs connecting the grow operation to a lead co-conspirator, Escareno's multiple disciplinary reports during incarceration while awaiting sentencing, and his separate conviction for money laundering. We conclude the district court made "an individualized assessment based on the facts presented" and did not abuse its discretion by imposing a sentence near the bottom of the guidelines range. *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

---

[3]To the extent Escareno also argues the district court committed *procedural* error by finding that the grow operation was connected to the conspiracy, we disagree. While a district court commits procedural error by, among other things, "selecting a sentence based on clearly erroneous facts," *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), here the district court relied on unobjected-to PSR paragraphs indicating that Escareno's brother — a co-defendant who resided and distributed marijuana in Iowa — had joint control over the operation. *See United States v. Trevino*, 829 F.3d 668, 675 (8th Cir. 2016) ("A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." (internal quotation marks omitted)). Thus the district court's finding was not clearly erroneous.

For the foregoing reasons, we affirm.

_____