# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3402

_____

United States of America

*Plaintiff - Appellee*

v.

Clifton Donte Gallion

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 14, 2019
Filed: November 15, 2019
[Unpublished]

_____

Before KELLY, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Clifton Gallion pleaded guilty to a single-count indictment charging him and others with conspiracy to distribute 280 grams or more of a mixture and substance containing cocaine base. In his plea agreement, he agreed that he was responsible for at least 840 grams but less than 2.8 kilograms of crack, resulting in a base offense level of 32. Gallion's drug use began at the age of nine and he has cognitive

impairments that resulted from a traumatic brain injury incurred at a very young age. In the plea agreement, the government agreed to recommend a three-level reduction for acceptance of responsibility so long as Gallion met certain criteria, including that he commit no further acts inconsistent with acceptance of responsibility. However, Gallion failed to attend treatment sessions, failed to report to his supervising officers, and was arrested with crack in his possession during the time following his plea but prior to sentencing. As a result of these actions, at sentencing, the final Presentence Investigation Report recommended that Gallion not receive a three-level reduction for acceptance of responsibility. The resulting Guidelines range was 210-262 months. Gallion asked for 120 months and the government advocated for 210 months. The district court[1] varied downward and sentenced Gallion to 160 months' imprisonment.

On appeal, Gallion argues the resulting sentence was substantively unreasonable because (1) the district court's attempt to afford Gallion a "long period of forced sobriety" was no different at 120 or 210 months, and thus, while not an insignificant factor, was afforded more weight than it deserved; (2) the court failed to meaningfully consider the fact and effect of his traumatic brain injury; and (3) the district court failed to consider a role reduction.

This court reviews the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). In cases such as this where the sentencing court varied downward from the Guidelines, this court has observed that "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). Reviewing the record, in light of the district court's variance and colloquy in support, including

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the court's weighing of Gallion's mental health with his criminal conduct, we find no abuse of the district court's broad discretion.  Accordingly, we affirm.

————————————————————