# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1702
_____

United States of America

*Plaintiff - Appellee*

v.

Shedric Anderson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: February 14, 2022
Filed: August 22, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

Shedric Anderson pleaded guilty to one count of escape from custody in violation of 18 U.S.C. § 751. While in custody awaiting sentencing on that charge, he sexually assaulted his cellmate. Based on the assault, Anderson was indicted on

two counts of aggravated sexual abuse by force or threat, in violation of 18 U.S.C. § 2241(a). After a jury trial, Anderson was found guilty on both counts. He now appeals his sentence on those two convictions, arguing that the district court[1] abused its discretion by failing to properly weigh relevant sentencing factors, thus imposing a substantively unreasonable sentence. We affirm.

## I. *Background*

On December 18, 2017, Anderson was sentenced to 24 months' imprisonment for two counts of manufacturing counterfeit securities in the Eastern District of Missouri. Anderson began his sentence at the Federal Correctional Complex in Forrest City, Arkansas. On July 1, 2018, Anderson was transferred to a Residential Reentry Center (RRC) in Neelyville, Missouri, to serve the remainder of his sentence. Anderson's conditions of confinement permitted him to work at a local Steak 'N Shake restaurant but required him to disclose his whereabouts when outside of the RRC and return to the RRC immediately after work. However, on July 27, 2018, Anderson absconded and remained on the lam for two months before being arrested.

While awaiting sentencing, Anderson was detained in Kennett, Missouri, at the Dunklin County Jail under its contract with the United States Marshals Services. Anderson shared a cell with B.H., a 20-year-old defendant also facing a federal charge. B.H. reported to jail authorities that Anderson sexually assaulted him while in their cell after lockdown. Anderson denied having any sexual contact with B.H. An investigation ensued; based on the results, a federal grand jury indicted Anderson with two counts of violating 18 U.S.C. § 2241(a). Anderson disputed the charges, and the case proceeded to a jury trial.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

During the trial, B.H. testified that Anderson forced him to take drugs and to engage in oral and anal sex. Anderson had initially denied that there was any sexual contact between the two when he had been questioned by investigators. At trial, however, Anderson acknowledged that sexual acts had taken place but maintained that all sexual conduct had been consensual and were actually B.H.'s idea.

The jury found Anderson guilty on both counts. At sentencing, the district court adopted the calculations from the PSR and determined that the total offense level was 40 with a criminal history category of VI. Anderson's Sentencing Guidelines imprisonment range was 360 months to life. Anderson requested a sentence below his Guidelines range; the government recommended a life sentence. Ultimately, the district court sentenced Anderson to 420 months' imprisonment.

## II. *Discussion*

On appeal, Anderson argues that his 420-month prison sentence is substantively unreasonable. Anderson argues that the district court abused its discretion in its consideration of the 18 U.S.C. § 3553(a) factors by failing to give adequate weight to his mental health, troubled upbringing, and homelessness while growing up.

"We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). "Because [Anderson] does not argue in his brief[] that the district court committed any procedural error, we bypass the first part of our review and move directly to review the substantive reasonableness of his sentence." *Id.* (footnote omitted). In considering a sentence's substantive reasonableness, we "apply[] an abuse-of-discretion standard." *United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir. 2008) (internal quotation marks omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight;

(2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). "A sentence within the Guidelines range is presumptively reasonable." *United States v. Peithman*, 917 F.3d 635, 653 (8th Cir. 2019).

Anderson argues that the district court focused too heavily on the facts adduced at trial; however, his assertion that the district court "based its sentence only on the facts of the case at hand and the trial" is unavailing. Appellant's Br. at 12. The district court specifically referenced Anderson's "lengthy and violent criminal history" as one of the reasons for its sentence. R. Doc. 92, at 44.[2]

Anderson primarily disagrees with the district court's weighing of the sentencing factors. But "[a] district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." *United States v. Farmer*, 647 F.3d 1175, 1180 (8th Cir. 2011). Anderson has made no showing that the court ignored or inappropriately discounted any relevant sentencing fact.

---

[2]The district court did misstate a portion of Anderson's tragic family history. When Anderson was a child, his mother was shot in the head. She survived but was unable to care for Anderson. During Anderson's sentencing hearing, while summarizing the facts surrounding Anderson's upbringing, the district court mistakenly said that Anderson's mother was killed. This misstatement, however, is immaterial to the overall sentence. The district court made clear that it took all of Anderson's family history into account.

Given the substantial discretion sentencing courts have in weighing the factors from § 3553(a), Anderson's arguments fail to rebut the presumption of reasonableness. *See Peithman*, 917 F.3d at 653. We discern no abuse of discretion.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____