# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2709
_____

United States of America

*Plaintiff - Appellee*

v.

Tristan Larandell Lee, also known as Triston Larandell Lee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: December 15, 2025
Filed: April 3, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Tristan Lee appeals his 180-month sentence, arguing that the district court[1] incorrectly calculated his criminal history score and imposed a substantively

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

unreasonable sentence. We dismiss the appeal of his criminal history calculation as waived and otherwise affirm.

Tristan Lee pleaded guilty to possession with intent to distribute cocaine and possession of a firearm in connection with a drug trafficking offense. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1)(A). In his plea agreement, he waived "the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to . . . the sentence imposed or any issues that relate to the establishment of the Guideline range, except that . . . the defendant reserves the limited right to appeal the substantive reasonableness of the sentence of imprisonment if the sentence is above the Guideline range that is established at sentencing and if the defendant makes a contemporaneous objection." At a change of plea hearing, the district court confirmed that Lee understood the scope of his waiver. The district court accepted the agreement.

At sentencing, the district court determined that Lee had a criminal history category of VI. Lee objected to the assignment of criminal history points for certain prior convictions, arguing that two offenses sentenced on the same day should count as one offense. *See* U.S.S.G. § 4A1.2(a)(2). The district court overruled that objection and noted that Lee's guideline sentencing range would not change if it sustained his objection. Lee requested a sentence at the low end of the guideline range of 137 months. The Government requested a sentence in the middle of the guideline range of 144 months. In arguing for this sentence, the Government noted that in addition to his criminal history he had several other drug-related arrests. The district court sentenced Lee to an above-guidelines sentence of 180 months' imprisonment. The district court explained:

> This [variance] is justified based on your criminal history, which includes a number of arrests and convictions, many of which involve infringing upon the rights and safety of others. Looking at your presentence report, I see four sentences of 120 months, one for 144 months, and other substantial sentences, none of which have deterred your criminal conduct. You've received multiple lengthy prison

-2-

sentences. . . . Your behavior appears to be increasingly dangerous as evidenced by the possession of a firearm during the instant offense.

Lee appeals his sentence, arguing that the district court incorrectly calculated his criminal history score and impermissibly considered his prior arrests.

First, Lee waived his right to challenge his criminal history calculation. We will enforce an appeal waiver if "the appeal falls within the scope of the waiver[,] . . . both the waiver and the plea agreement were entered into knowingly and voluntarily," and enforcement of the waiver would not "result in a miscarriage of justice." *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). Lee's appeal waiver covers all aspects of his guidelines calculation, including criminal history score. *See United States v. Sawatzky*, 994 F.3d 919, 924 (8th Cir. 2021) (analyzing calculation of criminal history as part of the guidelines calculation). Lee entered his agreement knowingly and voluntarily, as he told the district court that he had reviewed it with his attorney and understood its scope. *See United States v. Guzman*, 707 F.3d 938, 942 (8th Cir. 2013). And enforcing Lee's waiver will not result in a miscarriage of justice. *See Andis*, 333 F.3d at 892 (The miscarriage of justice exception "is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid."). Accordingly, we dismiss Lee's appeal of the calculation of his criminal history score.

Second, Lee's challenge to the substantive reasonableness of his above-guidelines sentence fails on the merits. Lee argues that the district court gave significant weight to an improper and irrelevant factor by considering his arrests that did not lead to convictions.[2] "A district court . . . imposes an unreasonable sentence

---

[2]We also "recognize the existence of a second line of authority that categorizes a district court's consideration of an allegedly improper or irrelevant factor as a procedural error rather than a challenge to substantive reasonableness." *United States v. O'Connor*, 567 F.3d 395, 397 n.3 (8th Cir. 2009). If we analyzed it this way, the challenge would be within the scope of Lee's appeal waiver because he waived the right to appeal "all non-jurisdictional issues" except the substantive

when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009).

Normally, we review the substantive reasonableness of a sentence for an abuse of discretion. *Id.* However, when a defendant does not object to the consideration of a factor, we review consideration of that factor for plain error. *Id.* Lee objected to the fact that the district court sentenced him above the guidelines range but did not object to the district court's consideration of the arrests. Therefore, plain error review applies, and Lee must show "an error that is clear or obvious and affect[ed] substantial rights." *See United States v. Watters*, 947 F.3d 493, 498 (8th Cir. 2020) (citation modified). "In the ordinary case, an error affects a defendant's substantial rights if the defendant can show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Valquier*, 936 F.3d 781, 784 (8th Cir. 2019) (citation modified)).

Lee fails to make that showing. Lee has not put forth any persuasive argument that the district court would have sentenced him differently if it had not considered the arrests. *See Watters*, 947 F.3d at 499 (holding alleged error did not affect substantial rights because "the district court heard and considered [the defendant's] argument and found the consecutive sentence of 262 months to be no greater than necessary"). In its explanation of the sentence, the district court focused on the "multiple lengthy prison sentences" Lee had previously received. It also emphasized Lee's recidivism and concluded that more significant punishment was required to protect the public and deter Lee. The district court's passing reference to the arrests that had not led to convictions does not suggest the arrests were a significant consideration in determining Lee's sentence. *See United States v. Meza-Lopez*, 808 F.3d 743, 746-47 (8th Cir. 2015) (holding that the district court's brief mention of

reasonableness of an above-guidelines sentence. Thus, we need not determine which framework should apply. *Id.*

-4-

knowledge it gained from co-conspirators' hearings did not show that it gave significant weight to this knowledge because it otherwise identified facts in the record that justified the sentence); *United States v. Jones*, 730 Fed. App'x 404, 405 (8th Cir. 2018) (holding that the district court's brief discussion of pending charges in tribal court did not show it gave significant weight to those charges in determining sentence). Accordingly, Lee fails to show a reasonable probability that he would have received a lesser sentence absent the purported error.

For the foregoing reasons, we dismiss the appeal in part and otherwise affirm.

_____