# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2283
_____

United States of America

*Plaintiff - Appellee*

v.

Ted Jeffrey Hurkes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: January 12, 2026
Filed: May 20, 2026
[Unpublished]

_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ted Hurkes pleaded guilty to production of child pornography. *See* 18 U.S.C. §§ 2251(a), (e). The district court[1] sentenced Hurkes to 360 months' imprisonment. Hurkes appeals, arguing his sentence is substantively unreasonable. We affirm.[2]

Hurkes produced child pornography by photographing the genitalia of a sleeping female minor. Several of these images showed Hurkes penetrating his victim with his finger. The district court determined that the applicable guidelines range would be life imprisonment, but that the statutory maximum of 360 months' imprisonment superseded this range. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009). The district court sentenced Hurkes to 360 months' imprisonment.

On appeal, Hurkes argues that the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). "A district court . . . imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *Id.* Here, Hurkes argues that the district court abused its discretion because it committed a clear error of judgment by weighing the seriousness of the offense conduct too heavily and not giving enough weight to the mitigating factors. Hurkes points to several potentially

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[2]The Government moved to dismiss this appeal, arguing that Hurkes waived this appeal in his plea agreement. Hurkes argues the waiver is not applicable. "Because we affirm on the merits, we need not consider the issue." *United States v. Hardy*, 171 F.4th 1082, 1084 n.3 (8th Cir. 2026). Accordingly, we deny the motion to dismiss the appeal as moot.

mitigating factors in his case: his statements at sentencing that he deeply regretted his "evil" conduct, his alcoholism, his own history of experiencing sexual abuse, a psychosexual report's finding that he would be unlikely to reoffend, and his lack of a significant criminal history. Hurkes also argues that the district court overstated the seriousness of his conduct and did not give weight to the typical sentences for other offenders convicted of the same crime. The Government emphasizes the egregious nature of his conduct and notes that the district court took account of the mitigating factors offered by Hurkes.

We agree with the Government that the district court did not abuse its discretion. As Hurkes acknowledges, his conduct was particularly serious. The district court did not commit a clear error of judgment by weighing the seriousness of the conduct against the mitigating factors Hurkes identified and determining a within-guidelines sentence was appropriate. The district court explained it would not give the typical sentences of other offenders much weight because they did not speak to the circumstances of this case. Accordingly, this is not "the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc); *see also United States v. McDaniels*, 19 F.4th 1065, 1067 (8th Cir. 2021) ("A district court's weighing of the § 3553(a) sentencing factors differently than a defendant would have preferred does not alone justify reversal . . . .").

For the foregoing reasons, we affirm.

_____