# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3772

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Wrice

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: October 17, 2016
Filed: February 13, 2017
[Published]

_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Justin Wrice was sentenced to 108 months' imprisonment—the high end of his Guidelines range—for conspiring to distribute crack cocaine. He appeals that

sentence, arguing that the district court[1] gave significant weight to an improper factor in determining his sentence. According to Wrice, the court gave too much weight to its "obvious skepticism that Mr. Wrice could both take care of his child every day in Chicago, and at the same time commit criminal offenses in Iowa." (Footnote omitted.)

Giving significant weight to an improper sentencing factor is an abuse of discretion. *United States v. Meza–Lopez*, 808 F.3d 743, 745 (8th Cir. 2015). Here, the court addressed the factors in 18 U.S.C. § 3553(a) by starting with the facts of the crime. Between August 2013 and February 2014, Wrice and a coconspirator distributed crack cocaine and sold guns in Waterloo, Iowa. Then the court made what seems like an aside:

> This at the time — this all occurred in the Northern District of Iowa and Mr. Wrice claims that he always lived in Chicago; took care of his child; took the child to daycare; saw his child every day and it doesn't seem to me that those two things jive.[2]

The court went on to note Wrice's gang history, his marijuana use, his attempt to flee arrest while possessing crack and heroin with substantial sums of cash, his prior theft-related conviction, and his lack of employment-related earnings. The court also considered facts in Wrice's favor, such as his lack of alcohol or major drug problems, his specialized skills, and his good family support.

We do not decide whether the incongruity between Wrice's child care and his proven out-of-state drug distribution would be an improper factor to consider, because it did not receive significant weight. The court's remark does not indicate

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]The Chicago/Iowa disconnect, then, was not the "very first thing the court made note of in justifying its sentence," as Wrice asserts.

-2-

that the court relied on its surmise to any meaningful degree. The court's discussion of the § 3553(a) factors covered three transcript pages. Given the undisputed facts of the offense, the remark's effect on the ultimate sentence was negligible. The court focused on the crime of conviction and Wrice's family history, current marijuana use, gang association, fugitive status, criminal acts while a fugitive, and conduct during arrest. The court did not give significant weight to an improper factor.

Accordingly, we affirm.

_____