# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3946

_____

United States of America

*Plaintiff - Appellee*

v.

Phillip Bradley Sadler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 8, 2017
Filed: July 25, 2017
[Published]

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court[1] resentenced Phillip Bradley Sadler to an

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

above-Guidelines range sentence of 102 months' imprisonment for being a felon in possession of a firearm. On appeal, Sadler argues that the district court considered an improper sentencing factor when it commented that although "Sadler does not technically qualify as an armed career criminal, . . . he is exactly the type of defendant that Congress had in mind when it passed the [Armed Career Criminal Act (ACCA)]." We affirm.

## I. *Background*

Sadler was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He entered into a plea agreement with the government in which he agreed that he was subject to the ACCA's sentence-enhancing penalties. *See* 18 U.S.C. § 924(e)(1). At sentencing, the district court classified Sadler as an armed career criminal and sentenced him to 180 months' imprisonment.

Shortly thereafter, the Supreme Court held in *Johnson* that the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2557. Because of *Johnson*, Sadler's prior conviction for fleeing a peace officer in a motor vehicle no longer qualified as a predicate violent felony for purposes of the ACCA. As a result, Sadler no longer had three predicate felonies and was not an armed career criminal. In Sadler's appeal of his 180-month sentence, the government conceded *Johnson* error and moved to remand the case for resentencing. We granted that motion.

At resentencing, the district court calculated an advisory Guidelines range of 63 to 78 months' imprisonment. The government sought a sentence at the high end of the Guidelines range, stating that "the upper end of the guidelines range is . . . appropriate at least as a beginning point when it comes to . . . an applicable sentence in this case." After hearing from the parties, reviewing the case filings, and considering the presentence report, the district court imposed an above-Guidelines sentence of 102 months' imprisonment.

The court arrived at this sentence after "consider[ing] all of the Section 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant." The court justified the upward variance based on Sadler's "very long and . . . very violent criminal history," noting that this is "his ninth felony conviction and his 27th overall conviction as an adult." The court pointed out that "[m]any of his convictions have involved him endangering or threatening to endanger the lives of others." But "[b]ecause of the highly artificial way that the ACCA is now applied," the court commented that "Sadler does not technically qualify as an armed career criminal" despite being "exactly the type of defendant that Congress had in mind when it passed the Act." The court noted the lack of "impact" that "[n]umerous jail sentences, including a sentence of 72 months, and numerous terms of court supervision" have had on Sadler.

Although the court acknowledged the "terrible tragedy" that Sadler experienced "as a young teenager when he found his father's body after his father had taken his own life" and Sadler's struggles "with significant mental, emotional, and substance abuse problems," the court found it time for Sadler to "take responsibility for his own decisions." Because Sadler had done so poorly on supervision in the past and because the court saw "no evidence that a lower sentence would do anything except expose the public to more danger," the court did "not believe that a sentence below 102 months would be adequate to protect the public or to accomplish the other objectives of 3553(a), particularly in light of the failure of multiple prior prison sentences."

## II. *Discussion*

On appeal, Sadler argues that the district court considered an improper sentencing factor when it commented that although "Sadler does not technically qualify as an armed career criminal, . . . he is exactly the type of defendant that Congress had in mind when it passed the [ACCA]."

"We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). We review for an abuse of discretion the substantive reasonableness of a sentence. *Id*. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *Id*. (quoting *United States v. Saddler*, 538 F.3d 879, 890 (8th Cir. 2008)).

Sadler does not expressly characterize the district court's consideration of an allegedly improper factor as a procedural error or as a substantive challenge to his sentence. "We recognize the existence of a . . . line of authority that categorizes a district court's consideration of an allegedly improper or irrelevant factor as a procedural error rather than a challenge to substantive reasonableness." *Id*. at 397 n.3. Even if we construe Sadler's objection to his sentence as procedural error, we would review it only for plain error because Sadler did not raise this objection during sentencing. *Id*. at 397. "Plain error is an error that is plain and that affects a defendant's substantial rights." *Id*. Only if the plain error "seriously affects the fairness, integrity or public reputation of judicial proceedings" will we correct the error. *Id*. (quoting *United States v. Roundtree*, 534 F.3d 876, 878 (8th Cir. 2008)).

Here, we find no error, plain or otherwise, in the district court's imposition of Sadler's 102-month sentence, nor do we find the sentence substantively unreasonable. Contrary to Sadler's claim, the district court did not indicate that it was using the ACCA as the basis for its decision. Instead, the record shows that the driving force behind Sadler's sentence was his "very long and . . . very violent criminal history," "the failure of multiple prior prison sentences . . . to have any appreciable deterrent effect on Mr. Sadler," and the need to protect the public from Sadler. The district court was permitted to conclude that the Guidelines did not adequately account for

-4-

Sadler's prior criminal history or likelihood to reoffend. *See United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009) ("Section 3553(a) allows courts to vary upward based on an underrepresented criminal history or recidivism.").

As to the district court's ACCA reference, the court correctly recognized—consistent with *Johnson*—that Sadler did not "technically qualify as an armed career criminal." The district court's passing remark that Sadler "is exactly the type of defendant that Congress had in mind when it passed the Act" did not undermine this recognition. Prior to *Johnson*, Sadler's Guidelines range under § 4B1.4 (Armed Career Criminal) was 188 to 235 months' imprisonment. The district court's imposition of the 102-month sentence did not attempt to match the prior Guidelines range. As a result, we conclude that "the remark's effect on the ultimate sentence was negligible." *United States v. Wrice*, 855 F.3d 832, 832 (8th Cir. 2017) (per curiam).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____