# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1911

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Murphy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 17, 2017
Filed: January 25, 2018
[Published]

_____

Before COLLOTON and GRUENDER, Circuit Judges, and READE,[1] District
Judge.

_____

READE, District Judge.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern
District of Iowa, sitting by designation.

Kevin Murphy pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing, the district court[2] varied upward from the Guidelines range and sentenced Murphy to 160 months' imprisonment. Murphy appeals the sentence, arguing that it is substantively unreasonable because the district court gave undue weight to his "past." We affirm.

## I.

The uncontested portions of the presentence investigation report calculated a total offense level of 19 and a criminal history category of II, for an advisory Guidelines range of 33 to 41 months. The district court considered the sentencing factors at 18 U.S.C. § 3553(a) and determined that an upward variance to 160 months' imprisonment was warranted. After acknowledging that Murphy had taken responsibility for his actions and had a support system, the district court noted the inherent danger posed by a bank robbery and based its upward variance primarily on Murphy's criminal history. Murphy's criminal history included two prior convictions for bank robbery, only one of which was scored with criminal history points, and two prior convictions for robbery in the second degree, neither of which received criminal history points. From his criminal history and his poor performance on correctional supervision, the district court concluded that there was a high likelihood that Murphy would commit similar offenses when released from prison.

## II.

"We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. Sadler*, 864 F.3d 902, 904

---

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

(8th Cir. 2017) (quoting *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009)). "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, considering the totality of the circumstances." *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Long*, 870 F.3d 792, 799 (8th Cir. 2017) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

To the extent that Murphy now alleges that the district court committed procedural error, we review for plain error because Murphy failed to raise any such objection below. *See United States v. Cottrell*, 853 F.3d 459, 462 (8th Cir. 2017). "Plain error is an error that is plain and that affects a defendant's substantial rights." *Sadler*, 864 F.3d at 904 (quoting *O'Connor*, 567 F.3d at 397). "Only if the plain error 'seriously affects the fairness, integrity or public reputation of judicial proceedings' will we correct the error." *Id.* (quoting *O'Connor*, 567 F.3d at 397).

Here, we find no error, plain or otherwise, in the district court's imposition of Murphy's 160-month sentence, nor do we find that the sentence is substantively unreasonable. Contrary to Murphy's claim, the district court adequately explained the sentence imposed and its deviation from the Guidelines range. Further, the district court considered all of the § 3553(a) sentencing factors and had "substantial latitude to determine how much weight to give the various factors." *United States v. Williams*, 791 F.3d 809, 811 (8th Cir. 2015) (quoting *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012)). The district court was permitted to conclude that the Guidelines failed to adequately account for Murphy's prior criminal history, both scored and unscored, and his likelihood to reoffend. *See United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009) ("Section 3553(a) allows courts to vary upward based on an underrepresented criminal history or recidivism."). In light of the record, we

cannot say the district court abused its discretion when sentencing Murphy.

## III.

The judgment of the district court is affirmed.

_____