# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1170

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Scott Cloud

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 11, 2019
Filed: June 17, 2019

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Brandon Scott Cloud pleaded guilty to sexual abuse of a minor in violation of 18 U.S.C. §§ 1153(a) and 2243(a). At sentencing, the district court[1] calculated a United States Sentencing Guidelines range of 30 to 37 months' imprisonment. The

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

district court varied upward by 23 months from the top of the Guidelines range and imposed a sentence of 60 months' imprisonment. Cloud appeals his sentence, arguing that the district court impermissibly based its upward variance on certain tribal court documents and imposed a substantively unreasonable sentence.

We first consider whether the district court committed procedural error, and then review for substantive reasonableness. See United States v. Bryant, 913 F.3d 783, 786 (8th Cir. 2019). We understand Cloud to argue that the district court procedurally erred by varying upward from the Guidelines range based on information contained in certain tribal court documents without giving him notice and an opportunity to challenge their reliability. See Irizarry v. United States, 553 U.S. 708, 715 (2008) ("Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues."). Cloud's Presentence Investigation Report (PSR) reveals a history of various tribal court convictions, including, as relevant here, a sentence of one year for an indecent liberties charge involving a seven-year-old girl. Cloud objected to the use of tribal court records for purposes of determining whether an enhancement pursuant to USSG § 4B1.5(b) applied, arguing that it is not appropriate to rely on tribal court adjudications for purposes of the enhancement.[2] The government also objected to the enhancement, but on the grounds that the limited records available from the tribal court did not provide sufficient factual information to determine whether Cloud "engaged in a pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b). Notably, Cloud did not object to the fact of the tribal convictions or of any tribal arrests, or to the factual descriptions of the convictions and arrests as contained in the PSR. Nor did he object to the district court's use of this information when imposing the sentence. Accordingly, we review his claim for plain error. See,

_____

[2]The tribal court convictions were not included in the calculation of Cloud's criminal history score. See USSG § 4A1.2(i).

e.g., United States v. Coppenger, 775 F.3d 799, 803 (6th Cir. 2015) (applying plain error standard where defendant did not object to district court's reliance on information in undisclosed, inaccessible presentence reports to impose upward variance).

Applying the plain error standard, we will affirm unless Cloud can show (1) an error; (2) that is plain; (3) that affects his substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Boman, 873 F.3d 1035, 1040 (8th Cir. 2017). "To satisfy [the] third condition, the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904–05 (2018) (cleaned up).

It does not appear that the district court relied on any information that was not otherwise available to the court or to the parties. A district court is permitted to base its decision to impose an upward variance on the uncontested facts set forth in a defendant's PSR. See United States v. Zayas, 758 F.3d 986, 990 (8th Cir. 2014) ("The district court may rely on factual allegations in a presentence report . . . as long as [the defendant] has not objected to the facts themselves."). At sentencing, the district court stated that it had received a complaint and a notation on a docket sheet from tribal court proceedings showing that Cloud served one year in jail for an indecent liberties charge involving Cloud putting his hands under a seven-year-old's pants and "touching her privates." In its written Statement of Reasons for imposing Cloud's 60-month sentence, the court referred to this incident as well as other assaults that Cloud perpetrated against female victims in 2009 and 2010. All of this information was available in the unobjected-to account of Cloud's criminal history set forth in the PSR, and the district court was permitted to rely on it. See, e.g., United States v. Vasquez, 552 F.3d 734, 739 (8th Cir. 2009). Cloud points to nothing in the record to indicate that the court relied on anything but the information that it

recited to the parties and that was also available in the PSR. Thus, on this record, Cloud has failed to show any error that is plain.

Cloud also argues that the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The factors set out in 18 U.S.C. § 3553(a) guide our review. United States v. Meadows, 866 F.3d 913, 920 (8th Cir. 2017). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).

The district court did not impose a substantively unreasonable sentence. Because Cloud's sentence is outside of the advisory Guidelines range, we do not presume that it is reasonable, but "may consider the extent of the deviation . . . giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. The district court considered "what occurred on the tragic evening" when the sexual abuse took place and noted that the victim was a thirteen-year-old family member who believed she was safe with family when Cloud began sexually assaulting her while she was asleep. The court also expressed concern that Cloud had engaged in similar conduct in the past and determined that a lengthy prison sentence was necessary to protect the public—children in particular. We are satisfied that the district court did not abuse its discretion in imposing an upward variance of 23 months.

We are not persuaded by Cloud's arguments to the contrary. Cloud contends that the district court failed to take into consideration certain mitigating factors, including his difficult life circumstances. But the district court did not improperly

-4-

exercise its wide latitude when it afforded greater weight to the aggravating factors in Cloud's case than the mitigating factors his counsel brought to its attention. See, e.g., United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2015) (per curiam). Cloud also argues that the district court improperly considered the disparity between his sentence in federal court and what he would have received in state court. In support of his argument, he points to the district court's statement at sentencing that "if this had occurred off the reservation in state court, [in] my understanding . . . criminal sexual conduct in the first degree in state court would have called for a sentence of 144 months in prison." A district court may not "consider potential federal/state sentencing disparities under § 3553(a)(6)." United States v. Deegan, 605 F.3d 625, 635 (8th Cir. 2010). Here, the district court began explaining its sentence by telling Cloud that it was concerned that he had "slipped through the cracks of the judicial system." In this context, it is unclear whether the court's subsequent reference to the sentence that "would have [been] called for" in state court was directed to Cloud's past tribal court conviction or the instant offense. In any event, our review of the record confirms that the district court did not afford any such disparities significant weight. Its main concerns were the seriousness of the instant offense, Cloud's history and characteristics, and the need to protect the public. Therefore, the district court did not abuse its discretion by relying significantly on an improper factor. See United States v. Wrice, 855 F.3d 832, 832–33 (8th Cir. 2017) (per curiam).

We affirm the judgment of the district court.

_____