# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2629

_____

United States of America

*Plaintiff - Appellee*

v.

Mario D. Green

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 13, 2019
Filed: June 26, 2019
[Unpublished]

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mario Green appeals his 100-month sentence after having pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He first

argues that the district court[1] erred in varying upward from the United States Sentencing Guidelines range of 63 to 78 months because it incorrectly doubled the number of Green's prior felony convictions. He also argues that the district court failed to address the 18 U.S.C. § 3553(a) factors and did not give an adequate explanation as to why a within-Guidelines-range sentence was insufficient. Finally, Green argues that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Our standard of review is well established: We "must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). "Usually, [i]n reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012) (alteration in original) (internal quotation marks omitted).

"Assuming that the district court's sentencing decision is procedurally sound," we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at 51 ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, [we] must review the sentence under an abuse-of-discretion standard."). "When conducting this review," we "will . . . take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "[I]f the sentence is outside the Guidelines range," we "may not apply a presumption of unreasonableness." Id. We "may consider the extent of the deviation, but must give due deference to the

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). With this framework in mind, we now turn to Green's arguments.

First, Green argues that the district court committed procedural error because it based the 22-month upward variance on its mistaken belief that he had six prior felony convictions, when in fact he had only three and, therefore, incorrectly doubled Green's criminal history. Although the district court stated in its sealed written Statement of Reasons that Green had six prior felony convictions, it later amended the judgment on Green's motion to reflect the correct number of three felony convictions. See Order 1, Dist. Ct. Dkt. 56. There is no evidence in the record that the district court's mistake was anything more than a clerical error. During sentencing, the court specifically referenced Green's three prior convictions for aggravated assault, terroristic threatening, and for being a felon in possession of a firearm. Sent. Hr'g Tr. 32, Dist. Ct. Dkt. 60. The court did not reference any other purported felonies.

After reviewing the entire sentencing record, as we must, see United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008), including the presentence investigation report and the sentencing transcript, we conclude that the district court did not base its sentence on an erroneously stated number of prior felony convictions. Green's reliance on United States v. Ballard, 745 F. App'x 257 (8th Cir. 2018) (per curiam) is misplaced. In Ballard, we vacated an above-the-Guidelines-range sentence because the district court relied "nearly exclusively on an inflated assessment of [the

defendant]'s criminal history." Id. at 258. Unlike in Ballard, here the district court did not rely on an inflated assessment of Green's criminal history and promptly corrected its clerical error after Green brought it to the court's attention. Accordingly, the district court did not clearly err.

Next, Green argues that the district court committed procedural error because it failed to address the § 3553(a) factors and did not give an adequate explanation as to why a within-Guidelines-range sentence was insufficient. We disagree. A district court is "presume[d to] . . . know the law and understand [its] obligation to consider all of the § 3553(a) factors" and thus a "mechanical recitation of the § 3553(a) factors is unnecessary . . . ." United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) (internal quotation marks omitted). "If a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." Perkins, 526 F.3d at 1111 (internal quotation marks omitted). Based on the district court's discussion of the extensive and violent nature of Green's criminal history, the lack of an express statement as to why an upward variance was necessary does not amount to procedural error. Further, the court stated that it had performed "a comprehensive review of the presentence report" and had considered the § 3553(a) factors. See Sent. Hr'g Tr. 31.

Finally, Green argues that his sentence is substantively unreasonable, relying on the same arguments we reject as a basis to find any procedural error. In any event, a district court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (citation omitted). The district court permissibly placed greater weight on Green's voluminous and violent criminal history than the other sentencing factors, which resulted in the district court's decision to vary upward. See United States v. Sadler, 864 F.3d 902, 904-05 (8th Cir. 2017) (per curiam) (concluding that 102-month sentence imposed above the Guidelines range of 63 to 78 months on defendant

who pled guilty to being a felon in possession of a firearm was not substantively unreasonable because "the driving force behind [the] sentence was [a] 'very long and . . . very violent criminal history'" (third alteration in original)). Just "because the district court weighed the relevant factors more heavily than [Green] would prefer does not mean the district court abused its discretion." United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011). Indeed, "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). This is not the unusual case and, therefore, Green's sentence is not substantively unreasonable. Accordingly, the district court did not abuse its discretion.

The judgment is affirmed.

_____