# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1245
_____

United States of America

*Plaintiff - Appellee*

v.

George R. Gunn

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: January 13, 2020
Filed: March 6, 2020
[Unpublished]
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

George R. Gunn pled guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343. The district court[1] sentenced him to 60 months' imprisonment (the

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

guidelines range was 18-24 months).  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Gunn believes his above-guidelines sentence is substantively unreasonable. This court reviews the substantive "reasonableness of a sentence under a highly deferential abuse-of-discretion standard." *United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015).  "A district court abuses its discretion only if it 'fails to consider a relevant factor that should have received significant weight;' 'gives significant weight to an improper or irrelevant factor;' or 'commits a clear error of judgment' in weighing the proper factors." *United States v. Pierre*, 912 F.3d 1137, 1144 (8th Cir. 2019), *quoting United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  "[I]t will be the unusual case when [this court] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464.

Gunn believes his sentence is substantively unreasonable because "[t]he court abused its discretion when it gave inappropriate weight to Mr. Gunn's criminal history."  Imposing the sentence, the court considered two "aggravating" factors:

> The first is the circumstances of this offense in particular in which you defrauded your employer out of over $117,000.  And I can't improve on the account that the victim impact witnesses have given the Court.  Of course, that was reflected in large part in the presentence report itself. So that's a grave concern.

> The other concern is your criminal history. Your criminal history is such that it may not be that your sentencing guidelines or your criminal history category is understated in a technical manner, but I sure think it is because you have so many convictions for basically the same thing.

I think that the guidelines, whether they're 18 to 24 months or 21 to 27 months, are woefully understated as is the joint recommendation for the low end of the guidelines, whichever it is.

. . . .

I'm sure you've been before other courts, and you said that you're very remorseful and it won't happen again, but, good grief, how many were there? Did I count about ten of them or so? Eight or ten different convictions for basically the same thing, misdemeanors and felonies, misdemeanors and felonies. Been to prison twice.

I'm unwilling to follow the recommendation, and the guidelines in this case are inappropriate.

The record shows "the district court considered all of the § 3553(a) sentencing factors and had substantial latitude to determine how much weight to give the various factors." *United States v. Murphy*, 880 F.3d 988, 990 (8th Cir. 2018) (internal quotation marks omitted). It was "permitted to conclude that the Guidelines failed to adequately account for [Gunn's] prior criminal history." *Id.* It did not abuse its discretion in sentencing him. *See id.* (holding that a 160-month sentence for bank robbery (guidelines range of 33-41 months) was substantively reasonable because the "district court was permitted to conclude that the Guidelines failed to adequately account for Murphy's prior criminal history"); *United States v. Whitlow*, 815 F.3d 430, 436-37 (8th Cir. 2016) (holding that a 108-month sentence for wire fraud (guidelines range of 51-63 months) was substantively reasonable because defendant had 16 prior convictions).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____