# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2091

———————————————

United States of America

*Plaintiff - Appellee*

v.

Roberto Lee

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: April 13, 2022
Filed: June 8, 2022
[Unpublished]

——————————

Before LOKEN, KELLY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Roberto Lee pleaded guilty to conspiracy to distribute meth and cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and money laundering, 18 U.S.C. § 1956. The district court[1] applied the manager or supervisor enhancement, U.S.S.G. § 3B1.1(b),

———————————————

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

bringing his Guidelines range to 324–405 months in prison. But because it believed that the Guidelines create an irrational disparity between different purities of meth, the district court varied downward and sentenced Lee to 210 months in prison. Lee appeals, arguing that the court miscalculated his Guidelines range and imposed an unreasonable sentence. We affirm.

Lee first challenges the application of the manager or supervisor enhancement. "The district court's factual findings, including its determination of a defendant's role in the offense, are reviewed for clear error, while its application of the guidelines to the facts is reviewed de novo." United States v. Gaines, 639 F.3d 423, 427–28 (8th Cir. 2011) (citation omitted).

U.S.S.G § 3B1.1(b) provides a three-level increase "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." To decide whether the enhancement applies, we consider several factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

§ 3B1.1 cmt. n.4. The manager or supervisor enhancement is a very low bar—it applies "even if a defendant managed or supervised only one person in a single transaction." United States v. Denson, 967 F.3d 699, 708 (8th Cir. 2020).

The district court did not clearly err in finding that Lee was a manager or supervisor. Lee: (1) planned the purchase and delivery of 16 pounds of meth from a Chicago supplier; (2) directed his co-conspirator to find two couriers to transport and deliver the meth; (3) gave those couriers directions on how to avoid law

enforcement suspicion while in transit; (4) paid for their expenses; and (5) controlled how the meth was divided among his co-conspirators. The record also shows that, while facilitating a cocaine shipment from Texas, Lee controlled distribution of the cocaine and told others that he supervised lower-level drug dealers involved in the conspiracy. That's enough to show that Lee managed or supervised at least one person in a single transaction. Id.

Lee also argues that his below-Guidelines sentence was substantively unreasonable. We review the substantive and procedural fairness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A sentence is unreasonable if it's "greater than necessary to accomplish the goals of sentencing." Kimbrough v. United States, 552 U.S. 85, 101 (2007) (quotation omitted) (cleaned up). The sentencing court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) considers the appropriate factors but commits clear error of judgment in weighing them. United States v. Funke, 846 F.3d 998, 1000 (8th Cir. 2017) (citation omitted). Where, as here, the district court varied below the Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (citation omitted).

Lee argues his sentence should be even lower because of his traumatic upbringing, difficulty building legitimate business as a former inmate, and the hardship of being detained during a pandemic. But Lee's argument amounts to a mere disagreement with the district court's weighing of the relevant factors. See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011). After reviewing the record, we conclude that the district court did not abuse its discretion by imposing a sentence 114 months below the low end of the Guidelines range.

Finally, Lee argues that the court gave significant weight to an improper factor—that he involved his family in drug trafficking. Although he claims that he

had nothing to do with his son's pursuit of drug trafficking, Lee involved his son by discussing drug sources, describing the operation of his trafficking organization, and providing directions on how to conduct criminal activity. We conclude that this was not an improper factor and that, even if it was, the district court's brief reference to family involvement during its comprehensive sentencing analysis does not amount to significant weight. Cf. United States v. Sadler, 864 F.3d 902, 905 (8th Cir. 2017) (per curiam) (holding that the district court's "passing remark" that the defendant was "exactly the type of defendant that Congress had in mind when it passed the [Armed Career Criminal] Act" had a "negligible" effect on the final sentence).

For the foregoing reasons, we affirm.

_____