United States Court of Appeals

For the Eighth Circuit

_____

No. 22-3024
_____

United States of America

*Plaintiff - Appellee*

v.

Jimi Lee Evan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: June 12, 2023
Filed: June 30, 2023
[Unpublished]
_____

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

    After Jimi Lee Evan pleaded guilty to two counts of sexual exploitation of a child, *see* 18 U.S.C. § 2251(a), (e), the district court[1] sentenced him to two

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

consecutive thirty-year prison terms. Evan maintains that the total sixty-year sentence is substantively unreasonable because the district court gave significant weight to an improper or irrelevant consideration in fixing his sentence and committed a clear error of judgment in weighing the sentencing considerations. We affirm.

A presentence investigation report determined that the recommended sentence for Evan under the Sentencing Guidelines was life in prison but that, since the statutory-maximum sentence for each count was thirty years, the Guidelines recommended that Evan receive a sixty-year sentence. *See* USSG § 5G1.2(b). Evan did not object to the PSR's determination of the recommended sentence.

At sentencing, defense counsel recommended a thirty-year sentence and argued that the government's fifty-year recommendation was too harsh. She explained, "the available treatment opportunities now versus 10 years from now versus 20 years from now and the staggering leaps and bounds that can be made scientifically, medically, in those potentially 20, 30 years, we could be looking at a completely different course of treating sex offenders," and so a fifty-year sentence "does not allow him to benefit from potential available treatment." After asking defense counsel questions about some of the circumstances of the offense and Evan's personal history and characteristics, the court asked for "the prognosis for a gentleman in his late fifties getting out of federal prison," which was the age when Evan would be released after a thirty-year sentence. Defense counsel reviewed some of the treatment and educational opportunities Evan would receive while in prison that would position him for success upon his release.

The court then returned to the "hypothesis that some magic formula is going to be developed to cure people" who sexually abuse children, and defense counsel said "that we're making decisions to warehouse people for the next 50 years based on . . . the fear of what they may do in the future." The court observed that "maybe we warehouse him because of the quality of life that they would have at that point

upon being released from a federal institution," and it suggested that defense counsel might be overestimating Evan's prospects for success while in prison. In the end, the court concluded, "I just don't know that I can base my sentencing decision on what might be" and discussed the sentencing criteria in 18 U.S.C. § 3553(a), paying particular attention to the seriousness of the offense, the need to protect the community, and Evan's needs while incarcerated.

A district court abuses its discretion when it "gives significant weight to an improper or irrelevant factor" when sentencing a defendant. *See United States v. Noriega*, 35 F.4th 643, 651 (8th Cir. 2022). Evan maintains that the "court placed significant weight on an improper or irrelevant factor—its assessment that Evan would have a better quality of life being 'warehouse[d]' in prison than being released from prison in his fifties." We do not think that the district court's remarks went as far as Evan says they did. A fairminded reading of the exchange suggests that the district court was merely musing about whether to accept defense counsel's recommendation for a shorter sentence; it wasn't declaring, as Evan suggests, that it needed to impose a longer sentence so he would have a better quality of life.

In any case, the court abandoned that discussion and explained that it would not base its sentencing decision on hypotheticals about "magic" treatments but on its review of the § 3553(a) criteria to which it immediately turned. And given the court's detailed discussion of the § 3553(a) criteria and the overall context of the exchange, the statements Evan focuses on had a "negligible" effect, if any, on the sentence handed down. *See United States v. Wrice*, 855 F.3d 832, 832–33 (8th Cir. 2017) (per curiam).

Evan also maintains that the court failed to give sufficient weight to "Evan's history of abuse, neglect, and abandonment; his untreated mental health issues and learning disabilities; and his extraordinary level of candor about the facts of the case and his self-described sex addiction." The district court was well aware of these

circumstances: The PSR described them in detail, and at sentencing defense counsel emphasized a few of them in advocating for a below-Guidelines sentence. The district court expressly stated that it had "considered the entire file in this matter," including "the statements of counsel and the defendant." And it sought more information from defense counsel about some of them, such as Evan's autism diagnosis and his history of abuse. The court simply found other sentencing criteria weightier, such as the need to protect the public from further crimes that Evan might commit and the egregious nature and circumstances of the offenses of which he stood convicted. A sentence is not substantively unreasonable just because the court gave some matters less weight than the defendant had preferred. *See Noriega*, 35 F.4th at 651. We therefore decline to hold that this Guidelines sentence is substantively unreasonable. *Cf. United States v. Smith*, 795 F.3d 868, 872 (8th Cir. 2015) (per curiam).

Affirmed.

_____