# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1881
_____

United States of America

*Plaintiff - Appellee*

v.

Jake Hunter Brown

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: December 11, 2023
Filed: April 3, 2024
[Unpublished]
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jake Hunter Brown pled guilty to carjacking, in violation of 18 U.S.C. § 2119. At sentencing, the district court[1] varied upwards from Brown's advisory Sentencing

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Guidelines range *sua sponte* and sentenced him to 300 months of incarceration. Brown challenges the district court's upward variance, and we affirm.

When reviewing "the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008)). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). A defendant's disagreement with the district court's balancing of relevant sentencing considerations, however, does not amount to an abuse of discretion. United States v. Hogue, 66 F.4th 756, 766 (8th Cir. 2023).

Brown asserts the district court's reasons for varying upwards were already accounted for in his Sentencing Guidelines calculation, so the court afforded those factors improper weight by considering them twice. In particular, he contends his alleged use of a firearm during the instant offense and his criminal history were factored into his Sentencing Guidelines calculation, increasing the top end of his sentencing range from 37 months to 150 months.

Brown first asserts the district court erred when it relied on the information in the Presentence Investigation Report ("PSIR") describing his use of a firearm. Although Brown later insisted that he never shot anyone, he raised the issue only after the district court accepted the uncontested facts in the PSIR and announced its sentence. His objection was too late. See United States v. Lindsey, 827 F.3d 733, 738 (8th Cir. 2016). Because Brown failed to timely object to the facts in the PSIR, the district court was permitted to rely on the uncontested facts when considering a variance. See United States v. Cloud, 956 F.3d 985, 987 (8th Cir. 2019) (citing United States v. Zayas, 758 F.3d 986, 990 (8th Cir. 2014)). Nor did Brown object to

application of the firearm enhancement, waiving any argument on its applicability. See United States v. Harrison, 393 F.3d 805, 806 (8th Cir. 2005).

Brown also contends the district court improperly considered his criminal history because this factor was already accounted for in the Sentencing Guidelines calculation. Brown's criminal history score amounted to 26 points, which is twice the amount required for placement into the highest criminal history category. Even so, factors already considered when calculating a defendant's Sentencing Guidelines range can form the basis for a variance. See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (affirming the sentencing court's reliance on the defendant's prior convictions as a reason for varying upwards).

Here, the district court detailed its bases for varying upwards and discussed the most relevant § 3553(a) factors that weighed into its sentence determination. In doing so, the district court emphasized three main reasons for its sentence, which included: (1) Brown's lengthy and unabated criminal history beginning at age 17; (2) Brown's decision to shoot someone in the head, which the court characterized as "an attempted murder for the sake of stealing a car"; and (3) Brown's mental health history in conjunction with his statement that he can control his anger if he wants to but he just doesn't want to because he "like[s] messing with people." In conclusion, the district court reiterated that an above-Guidelines sentence was warranted because the applicable Sentencing Guidelines did not account for the fact that Brown "almost killed somebody by putting a gun to somebody's temple in reckless disregard of life."

Because the district court neither abused its sentencing discretion nor imposed a substantively unreasonable sentence when it decided to impose a variant sentence, we affirm the judgment of the district court.

_____

-3-