# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-2286

———————————————

United States of America

*Plaintiff - Appellee*

v.

Antwanae L. Morgan

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: February 12, 2024
Filed: June 28, 2024
[Unpublished]

——————————

Before SMITH, Chief Judge,[1] BENTON and STRAS, Circuit Judges.

——————————

PER CURIAM.

————————————

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024.  *See* 28 U.S.C. § 45(a)(3)(A).

Antwanae L. Morgan appeals from a 240-month within-Guidelines sentence imposed by the district court[2] after she pleaded guilty to conspiracy to distribute one kilogram or more of a substance containing heroin and 400 grams or more of a substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Morgan challenges her sentence as procedurally unsound and substantively unreasonable. We affirm.

## I. *Background*

In 2011, Morgan pleaded guilty to possession with intent to distribute crack cocaine. Between the time of her indictment and the initial sentencing, Morgan committed additional crimes for which she was later convicted in state court: a felony for stealing, a misdemeanor for assaulting a law enforcement officer, and a felony for driving without a driver's license. During the initial sentencing, Morgan admitted she made "a huge mistake" and asked for "another chance to be able to prove to you guys that I can do better." 2011 R. Doc. 89, at 5–6.[3] The district court[4] expressed concern about these pending state charges and stated, "[Y]ou have been given opportunities to avoid a time in prison and . . . nothing that has happened so far seems to have made an impression on you." *Id.* at 6. The court decided to continue the sentencing for six months; at that time, Morgan was eight months pregnant. The court warned that if Morgan engaged in unlawful activity during the six-month period, the court would be forced to separate Morgan from her children. The court subsequently sentenced Morgan to three years of probation, a sentence significantly below her advisory Guidelines range of 46 to 57 months' imprisonment.

[2]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

[3]"2011 R. Doc." refers to the docket numbers of filings in Morgan's prior federal case, *United States v. Morgan*, No. 6:11-cr-03002-BCW-2 (W.D. Mo.).

[4]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, who took inactive status on September 1, 2020.

Subsequently, Morgan committed additional crimes. She was convicted of misdemeanor assault for punching another woman in the face. The father of Morgan's children, Donald Johnson, participated in the assault. Morgan was also convicted of a felony for driving with a suspended license and several additional misdemeanors for driving and dog-related crimes. She also violated the conditions of her federal probation by using heroin, failing to comply with treatment requirements, failing to comply with drug testing requirements, associating with felons, and being charged with misdemeanor assault.

In 2020, Morgan was charged with conspiracy to distribute one kilogram or more of a substance containing heroin and 400 grams or more of a substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). One of the members of the conspiracy was Derrick Dailey, Morgan's codefendant in the 2011 case.

Morgan pleaded guilty without a written plea agreement but signed a factual stipulation in connection with her guilty plea. In the factual stipulation, Morgan admitted that she had assisted Dailey with heroin or fentanyl distribution. She acknowledged that, on one particular occasion, she delivered to Dailey heroin or fentanyl that she had been storing for him. In Morgan's home, law enforcement discovered a semi-automatic pistol, as well as a number of items that Morgan admitted were used to prepare heroin or fentanyl for distribution.

In preparation for sentencing, the probation office prepared a presentence investigation report (PSR). It stated that the criminal conspiracy Morgan had joined was responsible for distributing at least ten kilograms of heroin or four kilograms of fentanyl in the southwest Missouri area. According to the PSR, some of the drugs involved in the conspiracy had caused fatal overdoses. The PSR recounted Morgan's admission to law enforcement that she had acquired the semi-automatic pistol while still serving her term of federal probation.

At the sentencing hearing, the district court[5] noted its familiarity with the court records in Morgan's 2011 case. It overruled Morgan's objections to the PSR and calculated an advisory Sentencing Guidelines range of 210 to 262 months' imprisonment. After calculating the Guidelines range, the court turned to "the sentencing factors that the [c]ourt is required to incorporate in affixing a sentence that is sufficient but not greater than necessary to comply with the provisions of the statute." R. Doc. 335, at 16. The court advised the parties that it had "read the defense memorandum as well as the government's memorandum . . . requesting a 240[-]month sentence." *Id.*

Two individuals addressed the court on Morgan's behalf. First, a woman involved in jail ministries discussed Morgan's participation in religious services and Bible studies and talked about the positive changes she had observed in Morgan. The district court thanked this woman for her statement and observed that the sort of information she provided was not usually included in a PSR. Second, Morgan's mother talked about Morgan's love for her three children and requested leniency. The district court also thanked Morgan's mother for her statement.

Morgan's counsel then addressed the court, noting that a sentencing memorandum was filed on Morgan's behalf. Counsel acknowledged that the court "always read[s] everything that is filed and consider[s] it all." *Id.* at 24. Counsel pointed out that Morgan "ha[d] never really spent any significant time in a jail facility or ha[d] that proverbial wake up call that so many people get, especially with the [criminal] history." *Id.* Counsel emphasized that Morgan had incurred no disciplinary incidents despite being detained for a significant period prior to sentencing. Counsel characterized Morgan as "a phenomenal mother" despite her history. *Id.* at 26. Counsel argued that Morgan's "active involvement in the prison ministry . . . . show[ed] her desire to change" and claimed that Morgan was "ready to accept

---

[5]Judge Ketchmark presided over this sentencing.

whatever the [c]ourt may sentence her to." *Id.* at 26–27. Counsel did not request a particular sentence. Morgan also personally addressed the court. She stated that she had "learned so much through this experience," took "full responsibility for [her] actions in this case and [her] actions in the past," and was a changed person. *Id.* at 27. She also expressed her love for her children and a desire to be present in their lives.

The court then responded to Morgan's arguments and statements. First, the court addressed Morgan's plea for leniency. The court quoted from Morgan's prior federal sentencing in which she had similarly requested another chance. The court asked Morgan if she recalled making such request, and Morgan said she did. According to the court, Morgan had "been given more chances than most anyone [the court had] seen." *Id.* at 31. The court was "not sympathetic to [her] claims that [she] now get[s] it because [she has] said that before, but [her] crimes . . . [were] getting worse." *Id.* at 31–32. The court said Morgan had "scoffed at" the leniency she was shown in the 2011 case. *Id.* at 32.

Second, the district court discussed Morgan's criminal history. It referred to Morgan's "attitude and disrespect and viciousness to some of the victims in the prior cases and . . . the assaultive type conduct." *Id.* at 29. The court observed Morgan's continued association with Johnson and Dailey, whom Morgan had joined in criminal conduct. The district court pointed out that after Morgan had been charged in her 2011 federal case, she committed the crimes of shoplifting and assaulting a law enforcement officer. The court also referred to the violations Morgan had committed while on federal probation. These crimes were "hurting the community" and "hurting others," such as her own children. *Id.* at 32.

Third, the district court addressed Morgan's desire to be with her children. The court noted the potential negative effects of the children's awareness of her involvement with narcotics and exposure to those who participated in its use and distribution. The court perceived that some of Morgan's children might be in the

courtroom and questioned whether seeing their mother being sentenced was good for them. The court described the situation as "very, very, very sad." *Id.* at 33.

The district court then imposed a "mid range sentence" of 240 months' imprisonment on the drug conspiracy count and a concurrent 120 months on the gun count. *Id.* at 35. The court also imposed five years of supervised release. The court explained that the sentence was "based most exclusively on the sentencing factors." *Id.* The court said that the government's sentencing memorandum provided "a great deal of the rationale for the imposition of a 240[-]month sentence." *Id.* The court stated that it would have imposed the same sentence regardless of the way it had ruled on Morgan's objections to the PSR. The district court further explained its sentence, stating:

> [T]his 240[-]month sentence is based on the nature and circumstances of the offense, the history and characteristics of Ms. Morgan, the need for the sentence to reflect the seriousness of the offense, the need to promote respect for the law, the need to adequately deter Ms. Morgan from any further criminal conduct, [and] the need to protect the public from further crimes that Ms. Morgan may be inclined to commit.

*Id.* at 36.

Morgan's counsel lodged no procedural objections to the district court's sentence.

## II. *Discussion*

On appeal, Morgan argues that her 240-month sentence is procedurally unsound and substantively unreasonable. "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. Neri*, 73 F.4th 984, 988 (8th Cir. 2023) (internal quotation marks omitted).

-6-

A. *Procedural Error*

"Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (internal quotation marks omitted).

Morgan argues that the district court procedurally erred by failing to properly weigh all relevant considerations. She asserts that the court disregarded mitigating factors and focused only on aggravating factors. She concedes, however, that plain-error review applies because she failed to object during sentencing. *See* Appellant's Br. at 10; *see also United States v. Williams*, 30 F.4th 796, 799 (8th Cir. 2022) ("When a defendant fails to object during sentencing, we review alleged procedural errors for plain error."). "To demonstrate plain error, a defendant must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Williams*, 30 F.4th at 799 (internal quotation marks omitted).

We hold that there was no procedural error, plain or otherwise. The record reveals that the district court weighed all relevant considerations. It expressly acknowledged that it "is required to incorporate" "the sentencing factors." R. Doc. 335, at 16. "We have repeatedly held that the sentencing judge need not mention each § 3553(a) factor in explaining the sentence where, as here, we are satisfied, in context, that the district judge was aware of the § 3553(a) factors and adequately considered them in selecting an appropriate sentence." *United States v. Kirlin*, 859 F.3d 539, 545 (8th Cir. 2017) (cleaned up).

The district court also indicated that it had "read the defense memorandum as well as the government's memorandum . . . requesting a 240[-]month sentence," R. Doc. 335, at 16, and invited argument from the parties. "All that is required for an

adequate explanation is for the sentencing judge to set forth enough to satisfy us that [the judge] has considered the parties' arguments and has a reasoned basis for the sentence imposed." *United States v. Palkowitsch*, 36 F.4th 796, 801 (8th Cir. 2022) (cleaned up). The court is not required to respond to "every reasonable argument advanced by a defendant." *Id.* (internal quotation marks omitted). Nonetheless, the record shows that the district court addressed several of Morgan's mitigating arguments, explaining why it found them unpersuasive. It was unpersuaded by Morgan's argument that she had changed and wanted another chance because Morgan had made a similar argument at her prior federal sentencing hearing and was given a lenient sentence at that time. *Cf. United States v. Sherrod*, 966 F.3d 748, 755 (8th Cir. 2020) (indicating that the district court's finding that the defendant had "received leniency in four prior cases" supported a statutory maximum sentence). The court explained, "I'm not sympathetic to your claims that you now get it because you've said that before, but your crimes just are getting worse." R. Doc. 335, at 31–32.

Additionally, the court countered Morgan's expressed desire to be with her children by identifying how Morgan had been a negative influence on them through their exposure to unwholesome environments and unsavory characters. Although the court did not directly respond to Morgan's argument about her pretrial-detention conduct, it heard argument on that point; it was not required to directly respond to it. *See United States v. Carnes*, 22 F.4th 743, 751 (8th Cir. 2022) ("We presume the district court properly considered issues argued by the parties at the sentencing hearing even though the district court itself did not discuss the issues.").

Ultimately, the court opted to afford "greater weight to the aggravating factors in [Morgan's] case than the mitigating factors [her] counsel brought to its attention." *United States v. Cloud*, 956 F.3d 985, 988 (8th Cir. 2019). These factors included Morgan's failure to take advantage of her prior opportunities to alter her life trajectory, her criminal history, and the effect of her crimes on the community. "The district court did not improperly exercise its wide latitude when it afforded greater weight" to these factors. *Id.*

-8-

B. *Substantive Reasonableness*

Morgan also argues that her sentence is substantively unreasonable due to the district court's alleged failure to recognize any of the mitigating factors.

"In the absence of procedural error below, we . . . then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). "[S]ubstantive appellate review in sentencing cases is narrow and deferential. . . . [I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464. We "may . . . apply a presumption of reasonableness" to a "sentence . . . within the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Morgan's sentence lies within the Guidelines range, she "bears the burden of rebutting the presumption and showing that [her] sentence should have been lower." *United States v. Bordman*, 895 F.3d 1048, 1055 (8th Cir. 2018).

We hold that Morgan has not rebutted the presumption of reasonableness. As previously explained, "the district court did not improperly exercise its wide latitude when it afforded greater weight to the aggravating factors in [Morgan's] case than the mitigating factors [her] counsel brought to its attention." *Cloud*, 956 F.3d at 988.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____