# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2264

_____

United States of America

*Plaintiff - Appellee*

v.

Verl Antoine Janis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: March 20, 2026
Filed: May 4, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Verl Antoine Janis appeals his above-Guidelines sentence, claiming the district court[1] placed too much emphasis on his criminal history to vary upward and

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

failed to adequately consider his mitigating sentencing factors. Finding no abuse of the district court's broad sentencing discretion, we affirm.

On September 23, 2024, Bureau of Indian Affairs Lieutenant Albert Little Elk was dispatched to a residence in McLaughlin, South Dakota, after a caller reported being frightened by Janis's behavior. When Lt. Little Elk arrived, he observed Janis run from the residence and hide behind a propane tank. When Lt. Little Elk approached Janis, he smelled alcohol coming from Janis's breath and advised Janis that he was being placed under arrest for criminal contempt for violating a court order prohibiting him from consuming alcohol.

Janis resisted as Lt. Little Elk attempted to handcuff him, causing both Lt. Little Elk and Janis to fall to the ground. As Janis was falling, he grabbed Lt. Little Elk around the waist. Lt. Little Elk, believing Janis was reaching for his service weapon, fractured his hand when he struck Janis in the face with a closed fist.

Janis pled guilty to impeding and resisting a federal officer involving physical contact in violation of 18 U.S.C. § 111(a). This offense carries a maximum imprisonment term of eight years. With a total offense level of 13 and in criminal history category II, Janis's advisory Sentencing Guidelines range was between 15 and 21 months. Prior to sentencing, the district court gave written notice to the parties that it intended to impose an above-Guidelines sentence. The notice stated an increased sentence was being contemplated under the Sentencing Guidelines and pursuant to the sentencing factors listed in 18 U.S.C. § 3553. The district court listed several reasons for the increased sentence, including Janis's: (1) "very large" number of sanctions while in custody; (2) fifteen tribal court convictions for resisting arrest; (3) two tribal court convictions for assaulting a law enforcement officer; (4) sixteen tribal court convictions for hindering, escaping, interfering, intimidating, or bail jumping involving law enforcement officers; and (5) demonstrated inability to change, despite his prior sentences and sanctions, creating a continuous and ongoing risk to law enforcement officers.

A district court may vary upward when the advisory Sentencing Guidelines range understates the true extent of the defendant's criminal history and likelihood of recidivism. United States v. Barrett, 552 F.3d 724, 726 (8th Cir. 2009). When a defendant's criminal history is significantly understated, this Court has affirmed a district court's decision applying a substantial upward variance. See, e.g., United States v. Murphy, 880 F.3d 988 (8th Cir. 2018) (affirming 119-month upward variance); United States v. Thorne, 896 F.3d 861 (8th Cir. 2018) (affirming 83-month upward variance).

In varying upward and imposing a 60-month sentence, the district court recounted the nature of Janis's prior convictions and calculated that he had been arrested at least 58 times on the Cheyenne River Reservation and had been charged with 111 offenses in tribal court, each of which were unscored in his criminal history calculation. See U.S.S.G. § 4A1.2(i) (sentences resulting from tribal court convictions are not counted in criminal history score). Based on his criminal history, the district court found that Janis "is a person who is a very dangerous individual to law enforcement personnel" and that he demonstrated a "great likelihood of reoffending with the same kind of criminal activity." Having carefully reviewed the record, we find no abuse of discretion in the district court's reliance on Janis's prior criminal history to support its upward variance.

Janis also argues that the district court abused its discretion by placing too much emphasis on his criminal history without considering his mitigating circumstances, including his physical and mental health conditions and difficult childhood. Even though the district court did not make express findings on the mitigating factors Janis presented, "where the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009). Janis's "disagreement with how the district court weighed the [§ 3553(a)] factors does not demonstrate abuse of discretion." United States v. Bell-Washington, 125 F.4th 870, 873 (8th Cir. 2025).

We affirm the judgment of the district court.

_____